UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT WILLIAM WATSON,

        Plaintiff,

-against-

WARREN WILHELM,

        Defendants.

24-CV-6826 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action asserting claims under 42 U.S.C. § 1983 and state law against approximately fifty defendants. Plaintiff has brought numerous prior actions, many of which have overlapping defendants.[1] By order dated February 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] *See*, *e.g.*, *Watson v. Sharpton*, 24-CV-6916 (LLS) (S.D.N.Y. May 19, 2025) (warning ; *Watson v. UAL Corp.*, No. 24-CV-6976 (LTS) (S.D.N.Y.); *Watson v. Sharpton*, No. 23-CV-9716 (LTS) (S.D.N.Y. Feb. 29, 2024) (amended complaint dismissed for failure to state a claim); *Watson v. O'Brien*, No. 23-CV-8958 (LTS) (S.D.N.Y. Mar. 1, 2024) (complaint dismissed).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff asserts claims arising from several seemingly unrelated incidents. He refers to events on April 12, 2020, April 12, 2024, and August 12, 2024, involving police officers from the 28th Precinct of the New York City Police Department (NYPD), staff from the New York City Department of Health and Mental Hygiene (DOHMH), and the "Intensive Mobile Treatment" unit. (ECF 1 at 36, 39, 43.) He refers to "[u]nlawful imprisonment" at "Pyramid Safe Haven / Bronx Works", an entity which appears to have a connection with Goddard Riverside's

Manhattan Outreach Consortium, a program directed at supporting homeless individuals, from May 5, 2020, to September 11, 2020. (*Id.* at 46, ¶ 56.)

Plaintiff also discusses, as he has done in his other actions, his involvement with the World Trade Center Health Program, as a victim of the September 11, 2001 terrorist attacks, and his mother's application to be certified by the same program.[2] In addition, he refers to contacts with the Reverand Al Sharpton and staff from Sharpton's House of Justice program.

Plaintiff asserts five causes of action: (1) excessive force under 42 U.S.C. § 1983; (2) excessive force under N.Y. Const. Art. I, § 12; (3) the right, under Section 1983, to freedom of expression protected by the First Amendment to the U.S. Constitution; (4) the rights to freedom of speech and assembly under N.Y. Const. Art. I, § 8; and (5) false arrest, under Section 1983, in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff does not specify which defendants are implicated for any particular cause of action or which of the many events described in the complaint form the basis for each cause of action. Plaintiff seeks damages and declaratory relief.

## DISCUSSION

**A.     Interlocutory appeal**

The court's standing order notifying *pro se* litigants of the obligation to maintain an address of record was entered on the docket (ECF 4), and although Plaintiff has maintained an address on file with the Court, he filed a notice of interlocutory appeal from the standing order. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

---

[2] Plaintiff sues members of the World Trade Center Health Program (Tiwari Shruti, Awilda Cortez, Knikesha Banks, and April Doe) but none of the claims that Plaintiff brings appears to relate to these defendants.

of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is . . . a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). The rule does not apply, for example, "where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted). Notwithstanding this interlocutory appeal, the Court retains jurisdiction to address Plaintiff's complaint.

**B.     Excessive Force Claim**

Plaintiff's first cause of action is a claim, under 42 U.S.C. § 1983, for excessive force. (ECF 1 at 51, ¶ 75.) To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The right to be free from excessive force derives from the Fourth Amendment for arrestees and from the Fourteenth Amendment for pretrial detainees and individuals who have not been arrested. *See, e.g., Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). The "objectively unreasonable degree of force" analysis that the U.S. Supreme Court outlined in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), applies to all Fourteenth Amendment excessive force claims. *Id.* at 536; *Drummond v. Castro*, 522 F. Supp. 2d 667, 678–79 (S.D.N.Y. 2007) (holding that an excessive force claim requires a "serious or harmful" use of force).

Although it is not entirely clear which facts relate to this claim, the Court understands Plaintiff to be asserting that someone used excessive force against him on April 12, 2020, when police officers from the NYPD and employees of the "Intensive Mobile Treatment" came to his

home in Harlem, New York. (ECF 1 at 43.) Plaintiff's allegations that he was subjected to "physical assaults" (*id.* at 44, ¶ 44) are insufficient to plead that a state actor was personally involved in violating his constitutional rights. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

A plaintiff need not plead facts in great detail about the specific role of each defendant in an assault. *See*, *e.g.*, *Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) (declining to dismiss excessive force claim for lack of specificity because "[i]t would be asking too much for an arrestee to remember and plead the role each of several police officers played in an alleged instance of police brutality"). Here, however, Plaintiff has not included even basic facts about which of the fifty defendants named in the complaint is alleged to have used excessive force against him, or what occurred and whether he was injured. Plaintiff thus fails to state an excessive force claim, under Section 1983, on which relief can be granted.

## C.     False Arrest Claims

Plaintiff asserts a Section 1983 claim for false arrest.[3] (ECF 1 at 52, ¶ 79.) A Section 1983 claim for false arrest uses state law as a starting point to determine the elements of a claim. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than

---

[3] In addition to the Section 1983 claim for false arrest, Plaintiff also brings a false arrest claim under state law for an unspecified incident involving both Plaintiff and his mother. (ECF 1 at 52, ¶ 80.) The Court addresses separately the exercise of its supplemental jurisdiction of state law claims.

to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

Plaintiff's complaint, which totals 245 pages with exhibits, includes facts about numerous apparently unrelated incidents involving dozens of different defendants. Although he asserts a cause of action under Section 1983 for false arrest, it is unclear which events constitute the factual basis for this claim. Plaintiff alleges that, on April 12, 2020, numerous police officers from the 28th Precinct, together with the Intensive Mobile Treatment unit and an ambulance, arrived at his home in Harlem. (ECF 1 at 43, ¶ 39.) Plaintiff asserts that he has "faced ongoing misconduct, negligence, and retaliation" at the hands of the New York City Department of Health and Mental Hygiene (DOHMH), the IMT teams, and "other New York City officials," including "unlawful imprisonment, identity theft, denial of medical necessities, physical assaults, and the mismanagement" of his application for services from the World Trade Center Health Program. (*Id.* at ¶ 43.)

Plaintiff also alleges that, on August 12, 2024, Police Officer Uddin "forcibly removed Plaintiff" from his home (*id.* at 36, ¶ 1), though it is unclear if Plaintiff was arrested on criminal

charges. In addition, Plaintiff states that on April 12, 2024, he was "falsely arrested" (*id.* at 39, ¶ 14), but it is unclear which defendant is alleged to have done so, whether he faced criminal charges, or how any criminal charges were resolved. Plaintiff's allegations are insufficient to state a claim against any defendant for false arrest arising from events on April 12, 2020, April 12, 2024, or August 12, 2024.

**D.    First Amendment Claims**

Plaintiff invokes, as the basis for a cause of action, the right of freedom of expression protected by the First Amendment to the U.S. Constitution. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. Amend. I. The Supreme Court "has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment" because "[a]n individual's freedom to speak, to worship, and to petition the government for the redress of grievances could not be vigorously protected from interference by the State unless a correlative freedom to engage in group effort toward those ends were not also guaranteed." *Slattery v. Hochul*, 61 F.4th 278, 286 (2d Cir. 2023) (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984)).

Although Plaintiff invokes the First Amendment's protection for freedom of expression, it is wholly unclear from the allegations of the complaint what expressive activity Plaintiff references or how his rights were violated. Plaintiff also does not specify which defendant is alleged to have violated his First Amendment rights and it is therefore unclear whether he brings this claim against a state actor. Plaintiff's Section 1983 claim for a violation of his rights under the First Amendment must therefore be dismissed.

### E. State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid federal claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

The Court notes that, if Plaintiff chooses to file an amended complaint, he should consider whether: (1) he is including unrelated claims against different defendants that do not belong in a single action, *see* Fed. R. Civ. Proc. 18, 20; (2) he has included a short and plain statement of the facts showing that each named defendant is liable for a violation of his rights, *see* Fed. R. Civ. P. 8; and (3) his claims are barred by preclusion because claims arising from the

same facts already were or could have been raised in a prior action against the same defendant and were adjudicated on the merits after a full and fair hearing.

The Clerk of Court is directed to hold this matter open on the docket for 30 days. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1367(c)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 27, 2025
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                               Chief United States District Judge